# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**TIEQUAIL BROWN**                                                                    **PLAINTIFF**
**ADC #185015**

V.                          NO. 2:24-cv-00216-KGB-ERE

**DOES**                                                                             **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Brown's complaint has been sent to United States District Chief Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Chief Judge Baker may adopt this Recommendation without independently reviewing all the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.  Background:**

On December 3, 2024, *pro se* plaintiff Tiequail Brown, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Mr. Brown's complaint alleges that: (1) on September 18, 2024, he was the victim of an inmate attack; (2) unidentified ADC staff members punished him for his

involvement in the attack; (3) unidentified ADC staff members denied him medical care for the injuries that he sustained during the attack; and (5) unidentified ADC staff members have retaliated against him. However, Mr. Brown's complaint failed to allege facts: (1) identifying any individual Defendants by name; (2) stating in what capacity he sues any individual Defendant; or (3) describing the relief he seeks.

On March 13, 2025, I entered an Order explaining to Mr. Brown that the original complaint was deficient but giving him the opportunity to file an amended complaint. *Doc. 8*.

To date, Mr. Brown has not filed an amended complaint, and the time to do so has passed. As a result, I will screen Mr. Brown's original complaint, as required by 28 U.S.C. § 1915A.

### III. Discussion:

#### A. Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*,

636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

B.  **Personal Involvement**

Mr. Brown's complaint fails to allege facts to show how any individual Defendant personally participated in unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, as stated, Mr. Brown's complaint fails to state a plausible constitutional claim against any individual Defendant.[1]

---

[1] To the extent that Mr. Brown seeks to hold any supervisor individually liable for the actions of their subordinates, such a claim would not survive screening. Established law holds that a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

3

**C.     Capacity**

As mentioned above, Mr. Brown does not indicate in what capacity he is suing any Defendant or state what relief he seeks from the Court.

If Mr. Brown seeks money damages from a Defendant, he should make clear that he is suing that Defendant in his/her individual capacity. Money damages are not recoverable for official capacity claims. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

**D.     Medical Deliberate Indifference**

To state a plausible claim for medical deliberate indifference against any named Defendant, Mr. Brown must allege facts that, taken as true, support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) each Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[2]

---

[2] A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005); see *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota*, 557 F.3d 628, 633 (8th Cir. 2009).

Under the subjective component of an inadequate medical care claim, prison

Mr. Brown's complaint contains no facts to show: (1) what medical care he needed but was denied; (2) how any specific individual was aware of his need for medical treatment; (3) how any specific individual denied his requests for medical treatment; or (4) how he was harmed as a result of medical care being delayed or denied.

Mr. Brown's proposed medical deliberate indifference claims, as currently stated, cannot survive screening.

### E.  Retaliation

To state a retaliation claim, Mr. Brown must allege that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007).[3]

---

officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner*, 937 F.3d at 1177; *see Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness"). Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

[3] See *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (holding that an inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than

As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [grievances] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Mr. Brown's amended complaint generally alleges that unidentified ADC staff members have retaliated against him. However, Mr. Brown does not allege any facts to support his conclusory assertion that any ADC employee was motivated by unlawful retaliation.

Mr. Brown's conclusory, speculative assertions are insufficient to state a plausible constitutional claim for relief. See *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (speculative and conclusory allegations cannot support retaliation claim).

### IV.   Conclusion:

For the reasons explained above,

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Brown's complaint be DISMISSED, without prejudice, based on

---

speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances.").

his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

Dated 23 April 2025.

_____
UNITED STATES MAGISTRATE JUDGE